**SEALED**

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 24 2010

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | To Be Filed Under Seal |
| | § | |
| v. | § | |
| | § | |
| HAROLD MAURICIO POVEDA-ORTEGA (01) | § | **3-10CR 073-K** |
| a.k.a. "Conejo," | § | No. |
| HORLEY RENGIFO-PAREJA (02) | § | |
| a.k.a. "Harry" | § | |
| JENNY VIVIAN HURTADO-BELTRAN (03) | § | |
| ROBERTO MARIO ANGULO-ISAZA (04) | § | |
| a.k.a. "Carlos Garcia-Jimenez" | § | |
| a.k.a. "Costeno | § | |
| FNU LNU (05) | § | |
| a.k.a. "Condor" | § | |
| FNU LNU (06) | § | |
| a.k.a. "El Mono" | § | |
| TITO MILLER PARRA-ISAZA (07) | § | |
| a.k.a. "Miguel Angel" | § | |
| a.k.a. "Juan Pablo Leyba" | § | |
| JOAQUIN ALEJANDRO SENDEROS- | § | |
| HIGUERA (08) | § | |

## INDICTMENT

The Grand Jury Charges:

### Count One
Conspiracy to Import Five Kilograms
or More of Cocaine
(Violation of 21 U.S.C. § 963)

Beginning in or about October 2006, the exact date being unknown to the Grand

Jury, and continuing thereafter until on or about January 1, 2008, in the Dallas Division of the

Northern District of Texas, and elsewhere, the defendants, **Harold Mauricio Poveda-Ortega,**

**a.k.a. "Conejo," Horley Rengifo-Pareja, a.k.a. "Harry," Jenny Vivian Hurtado-Beltran,**

**Roberto Mario Angulo-Isaza, a.k.a. "Carlos Garcia-Jimenez" a.k.a. "Costeno," and FNU**

**LNU, a.k.a. "Condor,"** did knowingly and willfully combine, conspire, confederate, and agree

with each other and with other persons, known and unknown to the Grand Jury, to import into

the United States, from a place outside thereof, five (5) kilograms or more of a mixture and

substance containing a detectable amount of cocaine, in violation of Title 21, United States Code,

Sections 952(a) and 960(b)(1)(B).

All in violation of Title 21, United States Code, Section 963.

<u>Count Two</u>
Attempt To Import Five Kilograms
or More of Cocaine
(Violation of 21 U.S.C. § 963)

On or about October 16, 2007, in the Dallas Division of the Northern District of Texas,

and elsewhere, the defendants, **Harold Mauricio Poveda-Ortega, a.k.a. "Conejo," Horley**

**Rengifo-Pareja, a.k.a. "Harry," Jenny Vivian Hurtado-Beltran, Roberto Mario Angulo-**

**Isaza, a.k.a. "Carlos Garcia-Jimenez" a.k.a. "Costeno," and FNU LNU, a.k.a. "Condor,"**

did knowingly and intentionally attempt to import into the United States, from a place outside

thereof, five (5) kilograms or more of a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(1)(B).

All in violation of Title 21, United States Code, Section 963 and Title 18, United States

Code, Section 2.

## Count Three
### Conspiracy to Launder Monetary Instruments
### (Violation of 18 U.S.C. § 1956(h))

1.       Beginning in or about October 2006, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about December 1, 2007, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Horley Rengifo-Pareja, a.k.a "Harry," Jenny Vivian Hurtado-Beltran, FNU LNU, a.k.a. "El Mono," Tito Miller Parra-Isaza, a.k.a. "Miguel Angel" a.k.a. "Juan Pablo Leyba," and Joaquin Alejandro Senderos-Higuera**, did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, namely,

(a)       to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b)       to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and

Indictment - Page 4

knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(c)     to engage and attempt to engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity referred to above is: (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance; and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance.

<u>Means and Methods of the Conspiracy</u>

2.     It was a part of the conspiracy that, defendant **Jenny Vivian Hurtado-Beltran** would travel to the United States, including Dallas, Texas, and other locations, to discuss the receipt and laundering of proceeds of trafficking in controlled substances through various methods, and relay such information to defendant **Horley Rengifo-Pareja, a.k.a. "Harry."**

3.     It was further part of the conspiracy that defendants **Horley Rengifo-Pareja, a.k.a. "Harry," FNU LNU a.k.a. "El Mono," Tito Miller Parra-Izasa a.k.a. "Miguel Angel" a.k.a. "Juan Pablo Leyba," and Joaquin Alejandro Senderos-Higuera**, and other conspirators, utilized various methods to launder the proceeds of trafficking in controlled substances including, but not limited to, wire transferring proceeds of trafficking in controlled

Indictment - Page 5

substances from exchange houses in Mexico to financial institutions located in the United States.

4.      It was further part of the conspiracy that defendants **Horley Rengifo-Pareja, a.k.a. "Harry," FNU LNU a.k.a. "El Mono," Tito Miller Parra-Izasa a.k.a. "Miguel Angel" a.k.a. "Juan Pablo Leyba," and Joaquin Alejandro Senderos-Higuera**, and other conspirators, would have the proceeds of trafficking in controlled substances withdrawn from financial institutions located in the United States, including Dallas, Texas, in large amounts of United States currency ("bulk cash") and have the bulk cash transported, transmitted, and transferred outside the United States to other locations including Panama City, Panama.

5.      It was further part of the conspiracy that defendants utilized communication facilities including telephones and cellular telephones and various email methods including save drafts and instant messenger, to discuss, negotiate and facilitate the laundering of proceeds of trafficking in controlled substances.

6.      It was further part of the conspiracy that defendants used coded language and other means to misrepresent, conceal and hide, and to cause to be misrepresented, concealed and hidden, the money laundering activities of the conspiracy, and to avoid detection and apprehension by law enforcement authorities.

All in violation of Title 18, United States Code, Section 1956(h).

Counts Four - Sixteen
Money Laundering
(Violation of 18 U.S.C. § 1956(a)(1)(B)(i))

On or about the dates specified and in the approximate amounts identified as to each count below, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Horley Rengifo-Pareja, a.k.a. "Harry," FNU LNU, a.k.a. "El Mono," Tito Miller Parra-Isaza, a.k.a. "Miguel Angel" a.k.a. "Juan Pablo Leyba," and Joaquin Alejandro Senderos-Higuera,** did knowingly conduct and attempt to conduct financial transactions, as set forth below, affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| Count | Date | Type of Transaction |
|-------|------|---------------------|
| Four | July 5, 2007 | Wire transfer in the amount of $24,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Five | July 5, 2007 | Wire transfer in the amount of $36,000 from an exchange house in Mexico to account # |

Indictment - Page 7

| | | xxxxxxxxx507 at Bank of America in Dallas, Texas |
|---|---|---|
| Six | July 5, 2007 | Wire transfer in the amount of $80,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Seven | July 9, 2007 | Wire transfer in the amount of $89,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Eight | July 9, 2007 | Wire transfer in the amount of $90,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Nine | July 9, 2007 | Wire transfer in the amount of $95,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Ten | July 9, 2007 | Wire transfer in the amount of $99,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Eleven | July 9, 2007 | Wire transfer in the amount of $100,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twelve | July 9, 2007 | Wire transfer in the amount of $100,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Thirteen | July 12, 2007 | Wire transfer in the amount of $100,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Fourteen | July 13, 2007 | Wire transfer in the amount of $90,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, |

|         |               | Texas                                                                                                                                                      |
|---------|---------------|------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Fifteen | July 13, 2007 | Wire transfer in the amount of $97,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas                       |
| Sixteen | July 13, 2007 | Wire transfer in the amount of $100,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas                      |

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), Title 18, United

States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Counts Seventeen - Twenty-Nine
Money Laundering
(Violation of 18 U.S.C. § 1957)

On or about the dates specified and in the approximate amounts identified as to each

count below, in the Dallas Division of the Northern District of Texas, and elsewhere, the

defendants, **Horley Rengifo-Pareja, a.k.a. "Harry," FNU LNU, a.k.a. "El Mono," Tito**

**Miller Parra-Isaza, a.k.a. "Miguel Angel" a.k.a. "Juan Pablo Leyba," and Joaquin**

**Alejandro Senderos-Higuera,** did knowingly engage and attempt to engage in monetary

transactions, as set forth below, by through and to a financial institution, affecting interstate and

foreign commerce, in criminal derived property of a value greater than $10,000, such property

having been derived from specified unlawful activity, that is, (1) the felonious manufacture,

importation, receiving, concealment, buying, selling and otherwise dealing in a controlled

substance and (2) an offense against a foreign nation involving the manufacture, importation, sale

and distribution of a controlled substance.

| Count | Date | Type of Transaction |
|---|---|---|
| Seventeen | July 5, 2007 | Wire transfer in the amount of $24,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Eighteen | July 5, 2007 | Wire transfer in the amount of $36,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Nineteen | July 5, 2007 | Wire transfer in the amount of $80,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |

| Twenty | July 9, 2007 | Wire transfer in the amount of $89,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
|--------|--------------|-----------|
| Twenty-One | July 9, 2007 | Wire transfer in the amount of $90,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Two | July 9, 2007 | Wire transfer in the amount of $95,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Three | July 9, 2007 | Wire transfer in the amount of $99,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Four | July 9, 2007 | Wire transfer in the amount of $100,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Five | July 9, 2007 | Wire transfer in the amount of $100,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Six | July 12, 2007 | Wire transfer in the amount of $100,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Seven | July 13, 2007 | Wire transfer in the amount of $90,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Eight | July 13, 2007 | Wire transfer in the amount of $97,000 from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
| Twenty-Nine | July 13, 2007 | Wire transfer in the amount of $100,000 |

Indictment - Page 11

| | | from an exchange house in Mexico to account # xxxxxxxxx507 at Bank of America in Dallas, Texas |
|---|---|---|

In violation of Title 18, United States Code, Section 1957, Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

<u>Count Thirty</u>
Money Laundering
(Violation of 18 U.S.C. § 1956(a)(2)(B)(i))

On or about July 19, 2007, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Horley Rengifo-Pareja, a.k.a. "Harry," FNU LNU, a.k.a. "El Mono," Tito Miller Parra-Isaza, a.k.a. "Miguel Angel" a.k.a. "Juan Pablo Leyba," and Joaquin Alejandro Senderos-Higuera** did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer approximately $1,000,000, from Dallas, Texas, a place in the United States, to Panama City, Panama, a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, that is, (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance, and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance.

In violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Indictment - Page 13

Count Thirty-One
Money Laundering
(Violation of 18 U.S.C. § 1956 (a)(2)(B)(i))

On or about July 23, 2007, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant, **Horley Rengifo-Pareja, a.k.a. "Harry,"** did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds, namely approximately $499,250, from Mexico City, Mexico, a place outside the United States, to Dallas, Texas, a place inside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, that is, (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance, and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance.

In violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), and Title 18, United States Code, Section 2.

Indictment - Page 14

Count Thirty-Two
Conspiracy to Launder Monetary Instruments
(Violation of 18 U.S.C. § 1956(h))

1.      Beginning in or about October 2006, the exact date being unknown to the Grand

Jury, and continuing thereafter until on or about February 15, 2008, in the Dallas Division of the

Northern District of Texas, and elsewhere, the defendants, **Horley Rengifo-Pareja, a.k.a**

**"Harry," Jenny Vivian Hurtado-Beltran, Roberto Mario Angulo-Isaza, a.k.a "Carlos**

**Garcia-Jimenez" a.k.a. "Costeno," and FNU LNU, a.k.a. "Condor,"** did knowingly and

willfully combine, conspire, confederate, and agree with each other and with other persons,

known and unknown to the Grand Jury, to commit offenses against the United States in violation

of Title 18, United States Code, Sections 1956 and 1957, namely,

(a)      to conduct financial transactions affecting interstate and foreign commerce, which

transactions involved the proceeds of specified unlawful activity, knowing that the transactions

were designed in whole and in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of specified unlawful activity, and that while conducting

such transactions, knew that the property involved in the financial transactions represented the

proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section

1956(a)(1)(B)(i);

(b)      to transport, transmit, and transfer, and attempt to transport, transmit, and transfer

a monetary instrument and funds from a place in the United States to and through a place outside

the United States, knowing that the funds involved in the transportation, transmission, and

transfer represented the proceeds of some form of unlawful activity and knowing that such

transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(c)      to engage and attempt to engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity referred to above is: (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance; and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance.

### Means and Methods of the Conspiracy

2.      It was part of the conspiracy that defendant **Jenny Vivian Hurtado-Beltran** would travel to the United States, including Dallas, Texas, and other locations, to discuss the receipt and laundering of proceeds of trafficking in controlled substances through various methods, and relay such information to **Horley Rengifo-Pareja, a.k.a. "Harry."**

3.      It was further part of the conspiracy that defendants **Horley Rengifo-Pareja, a.k.a. "Harry," Roberto Mario Angulo-Isaza, a.k.a. "Carlos Garcia-Jimenez" a.k.a. "Costeno," and FNU LNU, a.k.a "Condor,"** utilized various methods to launder the proceeds of drug trafficking including, but not limited to, using a trade based method to convert U.S. drug dollars in the U.S. to Colombian pesos in Colombia.

Indictment - Page 16

4.      It was further part of the conspiracy that defendant **Horley Rengifo-Pareja, a.k.a. "Harry,"** would use automobiles with hidden compartments to conceal bulk cash and would coordinate the delivery and receipt of the concealed bulk cash in Mexico.  The bulk cash would then be transported to the United States and deposited into financial institutions located in the United States, including Dallas, Texas.

5.      It was further part of the conspiracy that, after the bulk cash was deposited into financial institutions in the United States, defendants **Roberto Mario Angulo-Isaza, a.k.a. "Carlos Garcia-Jimenez" a.k.a. "Costeno," FNU LNU, a.k.a "Condor,"** and other conspirators, would provide instructions, via various communication facilities including, but not limited to, telephones and cellular telephones and various email methods including saved drafts and instant messenger, to wire transfer the proceeds of the drug trafficking activities to various entities located in the United States and outside the United States.

6.      It was further part of the conspiracy that defendants used coded language and other means to misrepresent, conceal and hide, and to cause to be misrepresented, concealed and hidden, the money laundering activities of the conspiracy, and to avoid detection and apprehension by law enforcement authorities.

All in violation of Title 18, United States Code, Section 1956(h).

Count Thirty-Three
Money Laundering
(Violation of 18 U.S.C. § 1956 (a)(2)(B)(i))

On or about August 27, 2007, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant, **Horley Rengifo-Pareja, a.k.a. "Harry,"** did knowingly transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments and funds, that is approximately $1,049,950, from Mexico City, Mexico, a place outside the United States, to Dallas, Texas, a place inside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, that is, (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance, and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance.

In violation of Title 18, United States Code, Section 1956 (a)(2)(B)(i), and Title 18, United States Code, Section 2.

Indictment - Page 18

Counts Thirty-Four - Fifty-Nine
Money Laundering
(Violation of 18 U.S.C. § 1956(a)(1)(B)(i))

On or about the dates specified and in the approximate amounts identified as to each count below, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Horley Rengifo-Pareja, a.k.a. "Harry," Roberto Mario Angulo-Isaza, a.k.a. "Carlos Garcia-Jimenez" a.k.a. "Costeno," and FNU LNU, a.k.a "Condor,"** did knowingly conduct and attempt to conduct financial transactions, as set forth below, affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| Count | Date | Type of Transaction |
|---|---|---|
| Thirty-Four | September 5, 2007 | Wire transfer in the amount of $50,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx883 at Hang Seng Bank Ltd |
| Thirty-Five | September 7, 2007 | Wire transfer in the amount of $37,868 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxxxxxx942 at Bank of China |
| Thirty-Six | September 7, 2007 | Wire transfer in the amount of $22,132 |

|  |  | from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxxxxxxxx942 at Bank of China in China |
| --- | --- | --- |
| Thirty-Seven | September 7, 2007 | Wire transfer in the amount of $79,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx506 at Bank of America |
| Thirty-Eight | September 7, 2007 | Wire transfer in the amount of $15,035 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx677 at Bank of America |
| Thirty-Nine | September 7, 2007 | Wire transfer in the amount of $18,100 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas  to account # xxxxxxxxx677 at Bank of America |
| Forty | September 7, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx259 at Bank of America |
| Forty-One | September 7, 2007 | Wire transfer in the amount of $12,010 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to xxxxxxxxx598 at Bank of America |
| Forty-Two | September 7, 2007 | Wire transfer in the amount of $10,018 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx110 at Colonial Bank |
| Forty-Three | September 7, 2007 | Wire transfer in the amount of $16,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx787 at Bank of America |
| Forty-Four | September 7, 2007 | Wire transfer in the amount of $5,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx106 at Total Bank |
| Forty-Five | September 7, 2007 | Wire transfer in the amount of $100,000 |

| | | |
|---|---|---|
| | | from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx655 at Regions Bank |
| Forty-Six | September 7, 2007 | Wire transfer in the amount of $12,025 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx677 at Bank of America |
| Forty-Seven | September 10, 2007 | Wire transfer in the amount of $40,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxxx818 at TD Canada Trust Bank |
| Forty-Eight | September 10, 2007 | Wire transfer in the amount of $200,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx534 at Xiamen International Bank |
| Forty-Nine | September 10, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx688 at Bank of America |
| Fifty | September 11, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx767 at Wachovia Bank |
| Fifty-One | September 11, 2007 | Wire transfer in the amount of $15,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx803 at Wachovia Bank |
| Fifty-Two | September 12, 2007 | Wire transfer in the amount of $80,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx833 at HSBC - Hong Kong |
| Fifty-Three | September 20, 2007 | Wire transfer in the amount of $45,714.28 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx487 at Bank of America |

| Fifty-Four | September 28, 2007 | Wire transfer in the amount of $4,680 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx146 at Bank of America |
| Fifty-Five | September 28, 2007 | Wire transfer in the amount of $40,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx487 at Bank of America |
| Fifty-Six | September 28, 2007 | Wire transfer in the amount of $76,049.14 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx487 at Bank of America |
| Fifty-Seven | September 28, 2007 | Wire transfer in the amount of $49,618.58 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx487 at Bank of America |
| Fifty-Eight | October 2, 2007 | Wire transfer in the amount of $30,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx605 at Ocean Bank |
| Fifty-Nine | October 17, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx346 at Bank of America |

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Counts Sixty - Eighty-Three
Money Laundering
(Violation of 18 U.S.C. § 1957)

On or about the dates specified and in the approximate amounts identified as to each count below, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Horley Rengifo-Pareja, a.k.a. "Harry," Roberto Mario Angulo-Isaza, a.k.a. "Carlos Garcia-Jimenez" a.k.a. "Costeno," and FNU LNU, a.k.a. "Condor,"** did knowingly engage and attempt to engage in a monetary transactions, as set forth below, by through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is, (1) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance and (2) an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance.

| Count | Date | Type of Transaction |
|---|---|---|
| Sixty | September 5, 2007 | Wire transfer in the amount of $50,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx883 at Hang Seng Bank Ltd |
| Sixty-One | September 7, 2007 | Wire transfer in the amount of $37,868 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxxxxxx942 at Bank of China |
| Sixty-Two | September 7, 2007 | Wire transfer in the amount of $22,132 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxxxxxx942 at Bank of China |
| Sixty-Three | September 7, 2007 | Wire transfer in the amount of $79,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # |

| | | |
|---|---|---|
| | | xxxxxxxxx506 at Bank of America |
| Sixty-Four | September 7, 2007 | Wire transfer in the amount of $15,035 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx677 at Bank of America |
| Sixty-Five | September 7, 2007 | Wire transfer in the amount of $18,100 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx677 at Bank of America |
| Sixty-Six | September 7, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx259 at Bank of America |
| Sixty-Seven | September 7, 2007 | Wire transfer in the amount of $12,010 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx598 at Bank of America |
| Sixty-Eight | September 7, 2007 | Wire transfer in the amount of $10,018 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx110 at Colonial Bank |
| Sixty-Nine | September 7, 2007 | Wire transfer in the amount of $16,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx787 at Bank of America |
| Seventy | September 7, 2007 | Wire transfer in the amount of $100,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx655 at Regions Bank |
| Seventy-One | September 7, 2007 | Wire transfer in the amount of $12,025 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx677 at Bank of America |
| Seventy-Two | September 10, 2007 | Wire transfer in the amount of $40,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxxx818 at TD Canada Trust |

| | | |
|---|---|---|
| | | Bank |
| Seventy-Three | September 10, 2007 | Wire transfer in the amount of $200,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxx534 at Xiamen International Bank |
| Seventy-Four | September 10, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx688 at Bank of America |
| Seventy-Five | September 11, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxx767 at Wachovia Bank |
| Seventy-Six | September 11, 2007 | Wire transfer in the amount of $15,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxxx803 at Wachovia Bank |
| Seventy-Seven | September 12, 2007 | Wire transfer in the amount of $80,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx833 at HSBC - Hong Kong |
| Seventy-Eight | September 20, 2007 | Wire transfer in the amount of $45,714.28 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx487 at Bank of America |
| Seventy-Nine | September 28, 2007 | Wire transfer in the amount of $40,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx487 at Bank of America |
| Eighty | September 28, 2007 | Wire transfer in the amount of $76,049.14 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx487 at Bank of America |
| Eighty-One | September 28, 2007 | Wire transfer in the amount of $49,618.58 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # |

| | | xxxxxxxxx487 at Bank of America |
|---|---|---|
| Eighty-Two | October 2, 2007 | Wire transfer in the amount of $30,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxxxx605 at Ocean Bank |
| Eighty-Three | October 17, 2007 | Wire transfer in the amount of $20,000 from account # xxxxxxxxx536 at Bank of America in Dallas, Texas to account # xxxxxxx346 at Bank of America |

In violation of Title 18, United States Code, Section 1957, Title 18, United States Code, Section 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## FORFEITURE ALLEGATION

1.      The allegations in Counts One through Eighty-Three of this Indictment are

realleged and incorporated by reference as if fully restated herein for the purpose of alleging that

certain property is subject to forfeiture pursuant to the provisions of Title 21, United States Code,

Section 853 and Title 18, United States Code, Section 982.

2.      Pursuant to Title 21, United States Code, Section 853(a)(1) and (2), each

defendant who is convicted of Count One or Two shall forfeit: (1) any and all property

constituting or derived from any proceeds they obtained, directly or indirectly, as a result of the

violations, and (2) any and all property used, or intended to be used, in any manner or part, to

commit or facilitate the commission of the violations.  If more than one defendant is convicted of

Count One or Two, the defendants so convicted are jointly and severally liable for the amount

involved in such offense.

3.      If any of the property described above, as a result of any act or omission of the

defendants:

        a.      cannot be located upon exercise of due diligence;

        b.      has been transferred or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been commingled with other property which cannot be divided without

                difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

    4.    Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more offenses set forth in Counts Three through Eighty-Three shall forfeit to the United of America the following property:

    a.    All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956 or 1957, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction in violation of Section 1956 or 1957; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of the violations in Counts Three through Eighty-Three, including but not limited to at least $2,600,000.

    b.    A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

    c.    If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

    5.    If any of the property described above, as a result of any act or omission of the

defendants:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

RICHARD WEBER, CHIEF
ASSET FORFEITURE AND MONEY LAUNDERING SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

SCOTT PACCAGNINI
Trial Attorney
United States Department of Justice
Asset Forfeiture and Money Laundering Section

Indictment - Page 29

SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR 24 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy   4:15pm

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.   **3-10CR  073-K**

Harold Mauricio Poveda-Ortega, a.k.a. "Conejo",
Horley Rengifo-Pareja, a.k.a. "Harry"
Jenny Vivian Hurtado-Beltran,
Tito Miller Parra-Isaza, a.k.a. "Miguel Angel,"
a.k.a. "Juan Pablo Leyba",
Roberto Mario Angulo-Isaza, a.k.a. "Carlos Garcia-Jimenez,"
a.k.a. "Costeno"
FNU LNU, a.k.a "El Mono"
FNU LNU, a.k.a. "Condor"
Joaquin Alejandro Senderos-Higuera

SEALED  INDICTMENT

21 U.S.C. § 963
Conspiracy to Import Five Kilograms or More of Cocaine

21 U.S.C. § 963
Attempt to Import Five Kilograms or More of Cocaine

18 U.S.C. §1956(h)
Conspiracy to Launder Monetary Instruments

18 U.S.C. § 1956 (a)(1)(B)(i)
Money Laundering

18 U.S.C. § 1957
Money Laundering

18 U.S.C. § 1956(h)
Conspiracy to Launder Monetary Instruments

18 U.S.C. § 1956 (a)(2)(B)(i)
Money Laundering

83 Counts

A true bill rendered

DALLAS                                                          FOREPERSON

Filed in open court this ___24th___ day of March,  A.D. 2010.

Warrants to be Issued

UNITED STATES DISTRICT/MAGISTRATE JUDGE
No Magistrate/Criminal Complaint Pending

**SEALED** 3:10CR073-K

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number _____

1. **Defendant Information**

Juvenile: ☐ Yes ☒ No

If Yes, Matter to be sealed:

☒ Yes ☐ No

Defendant Name     **HAROLD MAURICIO POVEDA-ORTEGA**

Alias Name     _____ **"CONEJO"** _____

Address     _____

County in which offense was committed: _____

2. **U.S. Attorney Information**

**AUSA RICK A CALVERT**     Bar # **TX Bar No. 03669700**

3. **Interpreter**

☒ Yes ☐ No   If Yes, list language and/or dialect: ___ SPANISH ___

RECEIVED
MAR 24 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

4. **Location Status     WARRANT TO BE ISSUED**

Arrest Date: Issue arrest warrant

☐ Already in Federal Custody as of _____ in _____
☐ Already in State Custody
☐ On Pretrial Release

5. **U.S.C. Citations**

Total # of Counts as to This Defendant:     ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import Five Kilograms or More of Cocaine | 1, 2 |

March 19, 2010     Signature of AUSA: _____

**RICK A. CALVERT**

SEALED

3-10CR-073-K

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number:

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number: _____

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☒ Yes ☐ No

   Defendant Name _____ **HORLEY RENGIFO-PAREJA (1)** _____

   Alias Name _____ a/k/a "Harry" _____

   Address _____

   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Rick A. Calvert _____        Bar # TX #03669700 _____

3. **Interpreter**

   ☒ Yes ☐ No    If Yes, list language and/or dialect: __Spanish_____

4. **Location Status**

   **\* PLEASE ISSUE ARREST WARRANT\***

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

RECEIVED

MAR 2 4 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:    83    ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import Five Kilograms or More of Cocaine | 1 |
| 21 U.S.C. § 963 | Attempt to Import Five Kilograms or More of Cocaine | 2 |
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 3, 31 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 4-16, 34-59 |
| 18 U.S.C. § 1956(a)(2)(B)(i) | Money Laundering | 17, 31,32, 33 |

18 U.S.C. § 1957        Money Laundering                                    18-30, 60-83

Date _____3\19\10_____        Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☒ Yes ☐ No |
| Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number: |
| Search Warrant Case Number _____ |
| R 20 from District of _____ |
| Magistrate Case Number: _____ |

1.  **Defendant Information**

    Juvenile: ☐ Yes ☒ No

    If Yes, Matter to be sealed:

    ☒ Yes ☐ No

    Defendant Name _____ **JENNY VIVIAN HURTADO-BELTRAN (3)** _____

    Alias Name _____

    Address _____

    _____

    County in which offense was committed: _____ Dallas _____

2.  **U.S. Attorney Information**

    Rick A. Calvert _____     Bar # _TX #03669700_____

3.  **Interpreter**

    ☒ Yes ☐ No     If Yes, list language and/or dialect: __Spanish_____

4.  **Location Status**

    **\* PLEASE ISSUE ARREST WARRANT\***

    ☐ Already in Federal Custody
    ☐ Already in State Custody
    ☐ On Pretrial Release

RECEIVED
MAR 2 4 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant:     4     ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import Five Kilograms or More of Cocaine | 1 |
| 21 U.S.C. § 963 | Attempt to Import Five Kilograms or More of Cocaine | 2 |
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 3, 31 |

Date 3/19/10 _____     Signature of AUSA: _____

SEALED

**3-10 CR 073-K**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No |
| Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number: |
| Search Warrant Case Number _____ |
| R 20 from District of _____ |
| Magistrate Case Number: |

**1.    Defendant Information**

Juvenile: ☐ Yes ☒ No

If Yes, Matter to be sealed:

☒ Yes ☐ No

Defendant Name          **ROBERTO MARIO ANGULO-ISAZA (4)**

Alias Name          aka "Carlos Garcia-Jimenez", aka Costeno"

Address          _____

_____

County in which offense was committed:          Dallas

**2.    U.S. Attorney Information**

Rick A. Calvert          Bar #  TX #03669700

**3.    Interpreter**

☒ Yes ☐ No    If Yes, list language and/or dialect:  Spanish

RECEIVED

MAR 2 4 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**4.    Location Status**

**\* PLEASE ISSUE ARREST WARRANT\***

☐ Already in Federal Custody
☐ Already in State Custody
☐ On Pretrial Release

**5.    U.S.C. Citations**

Total # of Counts as to This Defendant:     53          ☐ Petty    ☐ Misdemeanor    ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import Five Kilograms or More of Cocaine | 1 |
| 21 U.S.C. § 963 | Attempt to Import Five Kilograms or More of Cocaine | 2 |
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 31,32 |
| 18 U.S.C. § 1956(a)(1) (B)(i) | Money Laundering | 34-59 |

18 U.S.C. § 1957      Money Laundering                  60-83

Date 3/23/10           Signature of AUSA:

SEALED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| Related Case Information |
| --- |

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number:

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number:

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☒ Yes ☐ No

   Defendant Name _____ FNU LNU **(5)**

   Alias Name _____aka "Condor""_____

   Address _____

   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Rick A. Calvert _____    Bar # _TX #03669700_____

3. **Interpreter**

   ☒ Yes ☐ No    If Yes, list language and/or dialect: __Spanish_____

4. **Location Status**

   **\* PLEASE ISSUE ARREST WARRANT\***

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

   RECEIVED
   MAR 2 4 2010
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:    53    ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
| --- | --- | --- |
| 21 U.S.C. § 963 | Conspiracy to Import Five Kilograms or More of Cocaine | 1 |
| 21 U.S.C. § 963 | Attempt to Import Five Kilograms or More of Cocaine | 2 |
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 31,32 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Money Laundering | 34-59 |

18 U.S.C. § 1957          Money Laundering                                    60-83

Date  3/23/10          Signature of AUSA:  _____

R-10CR 073-K

SEALED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number:

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number:

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☒ Yes ☐ No

   Defendant Name _____ FNU LNU **(6)** _____

   Alias Name ___ aka "El Mono" _____

   Address _____

   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Rick A. Calvert _____    Bar # _TX #03669700_____

3. **Interpreter**

   ☒ Yes ☐ No    If Yes, list language and/or dialect: __Spanish_____

4. **Location Status**

   **\* PLEASE ISSUE ARREST WARRANT\***

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

   RECEIVED

   MAR 24 2010

   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 28    ☐ Petty  ☐ Misdemeanor  ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 3, 32 |
   | 18 U.S.C. § 1956(a)(1) (B)(i) | Money Laundering | 4-16 |
   | 18 U.S.C. § 1956(a)(2) (B)(i) | Money Laundering | 17 |
   | 18 U.S.C. § 1957 | Money Laundering | 18-30 |

Date 3/23/10 _____    Signature of AUSA: _____

SEALED 3-10CR073-K

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number:

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number: _____

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☒ Yes ☐ No

   Defendant Name _____ TITO MILLER PARRA-ISAZA (7) _____

   Alias Name      aka "Miguel Angel", aka "Juan Pablo Leyba" _____

   Address         _____

   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Rick A. Calvert _____    Bar # TX #03669700 _____

3. **Interpreter**

   ☒ Yes ☐ No    If Yes, list language and/or dialect: __Spanish_____

RECEIVED

MAR 24 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

4. **Location Status**

   **\* PLEASE ISSUE ARREST WARRANT\***

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:    28       ☐ Petty   ☐ Misdemeanor   ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   | --- | --- | --- |
   | 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 3 |
   | 18 U.S.C. § 1956(a)(1) (B)(i) | Money Laundering | 4-16 |
   | 18 U.S.C. § 1956(a)(2) (B)(i) | Money Laundering | 17 |
   | 18 U.S.C. § 1957 | Money Laundering | 18-30 |

   Date 3/23/10

   Signature of AUSA: _____

*Criminal Case Cover Sheet*　　　　　SEALED　3-10CR　073　Revised 3/6/98

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

<table>
<tr><td colspan="2">**Related Case Information**</td></tr>
<tr><td colspan="2">Superseding Indictment: ☐ Yes ☒ No  New Defendant: ☒ Yes ☐ No</td></tr>
<tr><td colspan="2">Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number:</td></tr>
<tr><td colspan="2">Search Warrant Case Number _____</td></tr>
<tr><td colspan="2">R 20 from District of _____</td></tr>
<tr><td colspan="2">Magistrate Case Number:</td></tr>
</table>

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☒ Yes ☐ No

   Defendant Name _____ JOAQUIN ALEJANDRO SENDEROS-HIGUERA **(8)** _____

   Alias Name _____

   Address _____
   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Rick A. Calvert _____ Bar # __TX #03669700_____

3. **Interpreter**

   ☒ Yes ☐ No  If Yes, list language and/or dialect: __Spanish_____

   RECEIVED
   MAR 2 4 2010
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

4. **Location Status**

   **\* PLEASE ISSUE ARREST WARRANT\***

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 28　　☐ Petty　☐ Misdemeanor　☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 3 |
   | 18 U.S.C. § 1956(a)(1) (B)(i) | Money Laundering | 4-16 |
   | 18 U.S.C. § 1956(a)(2) (B)(i) | Money Laundering | 17 |
   | 18 U.S.C. § 1957 | Money Laundering | 18-30 |

   Date 3/23/10　　　　Signature of AUSA: _____